*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-09-00014-CR

Joseph C. **HOUSTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-11006
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice
            Steven C. Hilbig, Justice

Delivered and Filed: December 16, 2009

AFFIRMED

Joseph C. Houston appeals his conviction for possession of a controlled substance, cocaine, under one gram, alleging that the evidence is factually insufficient to support the conviction. We affirm the judgment of the trial court.

We review a challenge of factual insufficiency by looking at the evidence in a neutral light and giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*,

253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We will reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

Two police officers observed Houston walking in the street instead of on the available sidewalk; at least three cars had to swerve in order to avoid hitting him. Houston was arrested for walking in the street. *See* TEX. TRANSP. CODE ANN. § 552.006(a) (Vernon Supp. 2009) (providing that a pedestrian may not walk along and on a roadway if an adjacent sidewalk is accessible). The officers noticed that Houston kept reaching for his shirt pocket, causing them to be concerned for their safety. A search incident to arrest revealed that Houston had cocaine in his shirt pocket. At trial, Houston testified that he did not walk in the street except to cross at an intersection. He further stated that upon arrest he was handcuffed and did not reach for his pocket. He denied possessing any cocaine. His attorney argued that the initial stop was pretextual in nature and that Houston was simply arrested and then searched because he was in an area known for high drug use. Given the questionable facts surrounding the incident, Houston contends the evidence in support of the verdict is so weak as to render the verdict clearly wrong and manifestly unjust.

To prove unlawful possession of a controlled substance, the State was required to establish that Houston: (1) exercised control, management, or care over the substance; and (2) knew that the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon Supp. 2009). Although Houston denied possessing the cocaine, there was sufficient evidence before the jury from which they could have determined that Houston was guilty of the charged offense. Two police officers

testified that Houston was walking in the street, which is an arrestable offense under the Transportation Code and gave them probable cause to arrest. The officers then performed a search incident to arrest for safety reasons, and discovered on Houston's person a bag of candy which contained cocaine. The jury evaluated the credibility and demeanor of the witnesses, and decided what weight to give contradictory testimony. *Stogiera v. State*, 191 S.W.3d 194, 196 (Tex. App.—San Antonio 2005, no pet.). The jury apparently believed the officers' testimony over Houston's and we must defer to this credibility determination by the factfinder. When viewing the evidence in a neutral light, we cannot conclude that the jury's findings are clearly wrong or manifestly unjust or that they are against the great weight and preponderance of the evidence. Accordingly, Houston's sole issue on appeal is overruled, and the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH